IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 2:21CR-102(2) |
| WILLIAM SIMS | : | JUDGE MORRISON |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Sims is scheduled for sentencing on August 2, 2022. For the reasons that follow, the United States requests that a sentence of imprisonment of 60 months (the bottom of the sentencing guideline range) be imposed, which is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

As agreed to by the parties in the plea agreement, with his conviction for Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of a Mixture of Methamphetamine, Defendant Sims would have an initial offense level of twenty-four (U.S.S.G. §2D1.1(a)(8) based upon relevant conduct of at least 50 grams but less than 200 grams of Methamphetamine (not Ice). With a two-level enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility, this results in a final offense level of twenty three. Sims was properly found to have four criminal history points which results in a criminal history category of III and a corresponding sentencing guideline range of 57-71 months. Since the charge carries a statutorily imposed mandatory minimum sentence of sixty months pursuant to 21 U.S.C. 841(b)(1)(B)(viii), the guideline range becomes 60-71 months.

1

The Probation Officer determined that Sims should be held responsible for the ultimate purity of the Methamphetamine which a lab later confirmed was 99% pure making it the equivalent of Meth Ice and correspondingly raising Sims' base offense level to 30. While factually and legally accurate, the parties entered into a plea agreement prior to receipt of the lab report in this case and before these results were known. Therefore, the undersigned joined the defense counsel's objection to the Probation Officer's determination and urges this Court to abide by the term of the plea agreement and sustain the objection. While Methamphetamine certainly remains a scourge, the guidelines disparity in sentencing was based upon historical distinctions in the purity of Methamphetamine that have essentially disappeared given the factory like quality of most current Mexican produced Meth.

While the federal Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

    (1)    the nature and circumstances of the offense and the history and characteristics of defendant;
    (2)    the need for the sentence imposed--
        (A)    to reflect the seriousness of the offense, to promote respect for the law,

       and to provide just punishment for the offense;
(B)  to afford adequate deterrence to criminal conduct;
(C)  to protect the public from further crimes of the defendant; and
(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

  In the instant case, the undersigned believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of defendant Sims.

  Sims' conviction arose out of his participation with co-defendant Delaquan Gillis in an almost four ounce delivery of Methamphetamine to co-defendant Dalton Fannin. Unfortunately for these men, the potential customer of Fannin's was an undercover DEA agent and his CI. (PSR ¶¶ 13-20) When law enforcement attempted to pull over the car driven by Sims, he fled at a high rate of speed and tossed a .40 caliber pistol from the car. Sims was apprehended after parking the car and trying to walk away. While Sims does not have any adult convictions, his juvenile criminal history is disturbing as it includes three prior convictions for crimes of violence and merits his criminal history category of III.

  It is clear that Sims has faced a difficult childhood as well as both mental health and drug addiction issues. It certainly appears that Sims needs additional treatment in these areas and that he likely requires properly prescribed medications rather than self medicating. Shortly after his arrest, Sims was released directly into a treatment program (over the objections of the undersigned). To his credit, it appears that Sims has made the most of this opportunity and it is hoped his new found clarity and interest in sobriety carries over during his re-entry into society. While the mandatory minimum sentence of sixty months appears harsh, it must be noted that the applicable guidelines carried a sentencing range of 108-135 months, the plea agreement allows

Sims to avoid that severity if accepted by this Court.

Consistent with all of these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment of 60 months which is at the bottom of the applicable guidelines range and is the statutorily imposed mandatory minimum. The above described circumstances suggest a sentence of this length is also warranted under the sentencing guidelines. This sentence would also be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

## Conclusion

Based upon the foregoing, the United States submits that the defendant's offense level and criminal history categories should be an offense level of 23, criminal history category III, with a sentencing range of 60-71 months. Considering the sentencing factors set out in 18 U.S.C. §3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law, the United States requests that defendant William Sims be sentenced to a term of imprisonment of 60 months.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Kevin W. Kelley
KEVIN W. KELLEY (0042406)
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 27th day of July 2022, via the Court's electronic filing system (ECF) on counsel for defendant, Susan Pettit.

s/Kevin W. Kelley
KEVIN W. KELLEY
Assistant U.S. Attorney
