# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

  v.                                  :          Case No. 2:21-cr-102 (3)
                                               Judge Sarah D. Morrison

**DELAQUAN GILLIS,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant DeLaQuan Gillis's *pro se* Motion for Compassionate Release (ECF No. 116) and the Government's response (ECF No. 120). A court may reduce a term of imprisonment if it: (i) finds that "extraordinary and compelling reasons" warrant the reduction; (ii) ensures the reduction is "consistent" with applicable Sentencing Commission policy statements; and (iii) considers the relevant 18 U.S.C. § 3553(a) factors. *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). On an inmate-filed motion for compassionate release, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

Mr. Gillis asserts that, since arriving at FCI Manchester, he has made multiple attempts to enroll in various classes, programs, vocational training, and RDAP. To his credit, he has worked diligently to attend and complete programs that

will allow him to better his future. Mr. Gillis wisely wants to use his period of incarceration to learn how to be the best version of himself. Unfortunately, Mr. Gillis's efforts have been unsuccessful to date—among other things, he was placed on the waitlist for the non-residential drug class, and he was told that he needed to complete Parenting Phase I class before he could enroll in Phase II. Mr. Gillis seeks compassionate release to a community-based residential facility or half-way house so that he can enroll in programming and treatment on his own.

While the Court appreciates that Mr. Gillis is working to better himself, he has not presented extraordinary or compelling reasons for compassionate release. From the materials he submitted, Mr. Gillis has been added to waitlists for some BOP programs, and he must take pre-requisites to enroll in others. Those circumstances are far from those determined to be extraordinary or compelling. *See, e.g., United States v. Shope*, No. 2:12-cr-48, Docket No. 52 (S.D. Ohio *filed* Aug. 27, 2020) (granting compassionate release to wheelchair-bound amputee with ongoing medical needs requiring attention beyond BOP capabilities). Mr. Gillis's Motion is **DENIED**.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**